**Israel T. GARCIA, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 01–3206.

United States Court of Appeals, Federal Circuit.

Oct. 3, 2001.

Before MICHEL, Circuit Judge, ARCHER, Senior Circuit Judge, and RADER, Circuit Judge.

RADER, Circuit Judge.

Israel T. Garcia petitions this court for review of the February 23, 2001 final order of the Merit Systems Protection Board (Board), Docket No. SE–831–00–0339–I–1, affirming the decision of the Office of Personnel Management (OPM) that Mr. Garcia was not eligible to elect an annuity with survivor benefits for his spouse under the Civil Service Retirement System (CSRS). Because the decision of the Board is in accordance with law and is supported by substantial evidence, this court *affirms*.

## I.

Mr. Garcia retired under CSRS from a civil service position with the Department of the Navy, effective November 30, 1989. At that time, Mr. Garcia was not married and he elected an unreduced annuity payable for his lifetime only, without spousal survivor benefit. Mr. Garcia later married on February 11, 1990, but he did not inform OPM of his marriage, or take any action regarding the provision of a survivor annuity benefit for his spouse, until

August 18, 1999, nine years after his marriage. At that time, Mr. Garcia, in a letter to OPM, requested to elect to receive a reduced annuity as a survivor annuity for his spouse. On January 3, 2000, OPM denied Mr. Garcia's election request because Mr. Garcia had not filed within two years of his marriage.

Mr. Garcia requested that OPM reconsider the rejection of his election because he had been unaware of the two-year, post-marriage limitation on making elections to provide a survivor annuity for a spouse.

In a letter dated July 3, 2000, OPM affirmed its initial decision that Mr. Garcia did not make his election request within two years of his marriage. In response to Mr. Garcia's contention that he had been unaware of the two-year, post-marriage limitation OPM informed him that he and all other annuitants on the civil service annuity rolls had been sent annual notices advising them of CSRS election provisions. OPM also provided affidavit and other evidence to corroborate that Mr. Garcia had received notice. Mr. Garcia never rebutted this contention. Mr. Garcia appealed the reconsideration decision of OPM to the Board, which affirmed that decision on December 4, 2000. The Board stated that Mr. Garcia had not filed a survivor annuity election for his spouse within two years of his marriage. Moreover, the Board found that OPM had established that it provided timely notice to Mr. Garcia advising him of his right to elect a survivor annuity and of the applicable deadline. Mr. Garcia requested review of the case and reconsideration of the initial decision of the Board. Because Mr. Garcia presented no significant new evidence, the Board denied the petition for review of the initial decision. The initial decision, therefore, became the final decision of the Board.

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994). U.S.C. § 8339(k)(2)(A) (2001) states: An employee or Member, who is unmarried at the time of retiring under a provision of law which permits election of a reduced annuity with a survivor annuity payable to such employee or Member's spouse and who later marries, may irrevocably elect, in a signed writing received in the Office within 2 years after such employee or Member marries or, if later, within 2 years after the death or remarriage of any former spouse of such employee or Member who was entitled to a survivor annuity under section 8341(h) of this title ... a reduction in the retired employee or Member's current annuity as provided in subsection (j) of this section.

Under this statute, an employee unmarried at the time of retirement has two years to elect a survivor annuity after marrying. Here, Mr. Garcia's 1999 request was made more than nine years after his marriage, clearly outside of the two-year statutory filing period. Mr. Garcia asserts, nevertheless, that he did not know about the statutory two-year time limit.

█ This court has noted an implied exception to the two-year time limit where OPM has failed to show that it notified the annuitant of the annuitant's election rights on an annual basis, as required by Act of July 10, 1978, § 3, Pub.L. No. 95–317, 92 Stat. 382, amended by Reorganization Plan No. 2 of 1978, § 102, 92 Stat. 3783 (codified as amended at 5 U.S.C. § 8339 note (1994) ("Annual Notice to Annuitant of Rights of Election Under Subsecs. (j) and (k)(2) of This Section")). *See Schoemakers v. Office*

*of Pers. Mgmt.,* 180 F.3d 1377, 1380 (Fed. Cir.1999).

Here, OPM submitted evidence that during the two-year period following Mr. Garcia's marriage, it sent notices of the time limit to Mr. Garcia and all other annuitants in September 1990 and December 1991. Although Mr. Garcia generally alleged that he was not aware of the time limit, he did not submit evidence or allege that he did not receive the notices. The evidence submitted by OPM was sufficient to support a reasonable inference by the Board that Mr. Garcia was notified. *See id.* at 1381. Accordingly, substantial evidence in the record supports the Board's conclusion that Mr. Garcia's situation did not fall within the implied exception to the two-year time limit.

■ Mr. Garcia also requests that this court apply its equitable powers to reconsider his claim on humanitarian grounds and for the interest and welfare of his dependents.

■ This court may not apply its equitable powers to overrule congressional intent. Nevertheless, the Supreme Court has recognized that equitable tolling of a statutory deadline may be appropriate in certain narrow circumstances, such as, for example, where an inequity has caused a claimant to miss a deadline, or where a claimant acted diligently, but filed a defective pleading. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Equity will not intervene, however, to protect a claimant from his or her own failure to exercise due diligence in preserving their legal rights. *Id.*

In this case, Mr. Garcia alleges only that his own lack of diligence in electing a survivor annuity will result in hardship to his dependents if he is prevented from doing so by the plain language of the statute. This is not, however, a situation in which equity may intervene.

■ Finally, Mr. Garcia requests this court to order that his spouse be listed as a beneficiary of his group life insurance policy. Mr. Garcia's raises this issue for the first time on appeal here, and it cannot, therefore, be considered by this court.

## CONCLUSION

Because the decision of the Board that Mr. Garcia in not eligible to elect a survivor annuity where he failed to do so within the statutory period is in accordance with law and is supported by substantial evidence, this court affirms.